IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. TDC-21-362 |
| | * | |
| BRIAN PATRICK WERTH, | * | |
| | * | |
| Defendant | * | |
| | * | |
| ******* | | |

## CONSENT MOTION TO CONTINUE TRIAL AND EXCLUDE TIME PURSUANT TO SPEEDY TRIAL ACT

The United States, with the consent of the defendant through counsel, requests that the Court continue the date for any trial of this matter until June 30, 2022 and exclude the time between March 30, 2022 and June 30, 2022 from the time within which this case must be brought to trial pursuant to 18 U.S.C. § 3161(c).  In support thereof, the Government submits as follows:

1.The grand jury returned an Indictment against the Defendant on September 15, 2021 charging him in Count One with Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), and in Count Two with Crime by a Registered Sex Offender, in violation of 18 U.S.C. § 2260A.  The potential term of imprisonment is 15 to 30 years for Count One and 10 years mandatory and consecutive for Count Two.

2.On March 30, 2022, the Defendant made his Initial Appearance and was arraigned on the pending charges.  A consent order of detention was entered.

3.The subject matter and underlying conduct of the pending charges involves contacts with a minor over internet applications, including at least one chat room dedicated to sexual topics.

4. Initial discovery has been provided in the case, including information regarding to the Defendant's prior state conviction; documents related to SORNA registration; an Incident Report from the Maryland State Police—including various Cybertip reports related to the Defendant's online activity; state search warrants for the Defendant, his vehicle and his residence; Reports of Interview with three victims (appropriately redacted); a search warrant return listing electronics seized from the Defendant; and a copy of communications between the Defendant and a victim. The parties are working to schedule a time in the U.S. Attorney's Office for defense counsel to review pertinent child sex abuse material as well as the videotape of an interview with a minor.

5. The Government is investigating the Defendant's interaction with at least two other minors.

6. Given the nature of the evidence, counsel for the Defendant needs time to review the materials (both those produced directly and made available for review) and to discuss the materials with the Defendant. Materials concerning minors are protected by 18 U.S.C. § 3509(d), among other rules and statutes, and copies of those materials cannot be provided to the Defendant, who is detained.

7. After the Defendant and counsel have reviewed discovery materials, it may be that the parties may be able to resolve this matter or subsidiary issues, without need for motions practice before the Court.

8. Due to the nature of the case, including the materials concerning children and the probability of additional victims, and the procedures required for review of discovery, this case is one, pursuant to 18 U.S.C. § 3161(h)(7)(A), in which the ends of justice are served by a continuance of trial and exclusion of time under the Speedy Trial Act and, furthermore, such

actions outweigh the best interest of the public and the Defendant in a speedy trial within the time frame contemplated by 18 U.S.C. 3161(c).

9.    Counsel for the Government consulted with counsel for the Defendant regarding the relief sought in this motion and the Defendant consents.

10.   The Government will file a separate joint status report requesting a new schedule for briefing and a new date for an initial status conference that corresponds to that schedule.

WHEREFORE, for the foregoing reasons, the Government requests that the Court enter an order continuing any trial until at least June 30, 2022, and excluding the time from March 30, 2022 until June 30, 2022 from the time within trial must commence. A proposed order is submitted with this motion.

Respectfully submitted,

Erek L. Barron
United States Attorney

*/s/ Joseph R. Baldwin*
By: Joseph R. Baldwin
Assistant United States Attorney