IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. TDC-21-362 |
| | * | |
| BRIAN PATRICK WERTH, | * | |
| | * | |
| Defendant | * | |
| | * | |
| ****** | | |

**JOINT STATUS REPORT AND REQUEST FOR SCHEDULING**

The United States, and the defendant through counsel, requests that the Court reschedule the Initial Status Conference in this case by approximately 60 days, shortly after an adjusted pretrial motions date, as was previously forecast in the Government's Motion to Continue and Exclude Time.

1. As set forth in the earlier motion, initial discovery has been provided in the case, including information regarding to the Defendant's prior state conviction; documents related to SORNA registration; an Incident Report from the Maryland State Police—including various Cybertip reports related to the Defendant's online activity; state search warrants for the Defendant, his vehicle and his residence; Reports of Interview with three victims (appropriately redacted); a search warrant return listing electronics seized from the Defendant; and a copy of communications between the Defendant and a victim. The parties are working to schedule a time in the U.S. Attorney's Office for defense counsel to review pertinent child sex abuse material as well as the videotape of an interview with a minor.

2. The Government is investigating the Defendant's interaction with at least two other minors. The Government anticipates that these additional victims will need to be accounted for in any plea to an indictment or information in this case.

3. Given the nature of the evidence, counsel for the Defendant needs time to review the materials (both those produced directly and made available for review) and to discuss the materials with the Defendant. Materials concerning minors are protected by 18 U.S.C. § 3509(d), among other rules and statutes, and copies of those materials cannot be provided to the Defendant, who is detained.

4. After the Defendant and counsel have reviewed discovery materials, it may be that the parties may be able to resolve this matter or subsidiary issues, without need for motions practice before the Court. However, it will take additional time given the nature of the case for Defense counsel to determine what motions need to be filed in light of all the facts of the case.

5. With the entry of the recent Order, there are currently 70 days remaining before a trial must proceed in order to comply with the Speedy Trial Act.

6. The parties request that the date for pretrial motions be set no earlier than June 30, 2022 and that an Initial Status Conference be set no sooner than a week after the pretrial motions date.

        Respectfully submitted,

        Erek L. Barron
        United States Attorney

        */s/ Joseph R. Baldwin*
        By: Joseph R. Baldwin
        Assistant United States Attorney