IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO. TDC-21-362** |
| | * | |
| **BRIAN PATRICK WERTH,** | * | |
| | * | |
| Defendant | * | |
| | * | |
| ******* | | |

**CONSENT MOTION TO CONTINUE TRIAL AND EXCLUDE TIME
PURSUANT TO SPEEDY TRIAL ACT**

The United States, with the consent of the defendant through counsel, requests that the Court continue the date for any trial of this matter until at least October 21, 2022 and exclude the time between August 31, 2022 and October 21, 2022 from the time within which this case must be brought to trial pursuant to 18 U.S.C. § 3161(c).  In support thereof, the Government submits as follows:

1. The grand jury returned an Indictment against the Defendant on September 15, 2021 charging him in Count One with Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), and in Count Two with Crime by a Registered Sex Offender, in violation of 18 U.S.C. § 2260A.  The potential term of imprisonment is 15 to 30 years for Count One and 10 years mandatory and consecutive for Count Two.

2. On March 30, 2022, the Defendant made his Initial Appearance and was arraigned on the pending charges.  A consent order of detention was entered.

3. On June 29, 2022, the grand jury returned a Superseding Indictment against the Defendant charging him in Counts One and Two with Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), in Count Three with Coercion and Enticement, in violation of 18 U.S.C. § 2422(b), and in Count Four with Crime by Registered Sex Offender, in violation of

18 U.S.C. § 2260A.  The potential terms of imprisonment are: a minimum of 15 years and up to 30 years for each of Counts One and Two, a minimum of 10 years and up to life for Count Three, and 10 years mandatory and consecutive for Count Four.

      4.      The Superseding Indictment was unsealed on July 5, 2022.

      5.      The subject matter and underlying conduct of the pending charges involves contacts with three minors over internet applications, including at least one chat room dedicated to sexual topics.

      6.      Initial discovery has been provided in the case, including information regarding to the Defendant's prior state conviction; documents related to SORNA registration; an Incident Report from the Maryland State Police—including various Cybertip reports related to the Defendant's online activity; state search warrants for the Defendant, his vehicle and his residence; Reports of Interview with three victims (appropriately redacted); a search warrant return listing electronics seized from the Defendant; and a copy of communications between the Defendant and a victim.

      7.      Defense counsel must schedule a time to review explicit materials at the United States Attorney's Office.  A previously scheduled time to review the explicit materials had to be cancelled due to the illness of Government counsel.

      8.      Given the nature of the evidence, counsel for the Defendant needs time to review the materials (both those produced directly and made available for review) and to discuss the materials with the Defendant.  Materials concerning minors are protected by 18 U.S.C. § 3509(d), among other rules and statutes, and copies of those materials cannot be provided to the Defendant, who is detained.

9. After the Defendant and counsel have reviewed discovery materials, it may be that the parties may be able to resolve this matter or subsidiary issues, without need for motions practice before the Court.

10. A proposed plea agreement has been provided to defense counsel, and counsel needs time to discuss the proposed agreement with his client.

11. Due to the nature of the case, including the materials concerning children, and the procedures required for review of discovery, this case is one, pursuant to 18 U.S.C. § 3161(h)(7)(A), in which the ends of justice are served by a continuance of trial and exclusion of time under the Speedy Trial Act and, furthermore, such actions outweigh the best interest of the public and the Defendant in a speedy trial within the time frame contemplated by 18 U.S.C. 3161(c).

12. Counsel for the Government consulted with counsel for the Defendant regarding the relief sought in this motion and the Defendant consents.

WHEREFORE, for the foregoing reasons, the Government requests that the Court enter an order continuing any trial until at least October 21, 2022, and excluding the time from August 31, 2022 until October 21, 2022 from the time within trial must commence. A proposed order is submitted with this motion.

    Respectfully submitted,

    Erek L. Barron
    United States Attorney

    */s/ Joseph R. Baldwin*
    By: Joseph R. Baldwin
    Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO. TDC-21-362** |
| | * | |
| **BRIAN PATRICK WERTH,** | * | |
| | * | |
| Defendant | * | |
| | * | |
| ****** | | |

## ORDER

Having reviewed the Government's Consent Motion to Continue Trial and Exclude Time Under the Speedy Trial Act filed on September 2, 2022, and finding good cause, the motion will be GRANTED. The Court finds that this is a complex matter due to the nature of the prosecution involving child sex abuse material and information concerning minor children. Review of the materials by defense counsel, and consultation between defense counsel and the Defendant, will accordingly take additional time. For these reasons, the Court further finds that the ends of justice are best served by granting the requested continuance and exclusion of time and that such action outweigh the best interest of the public and the Defendant (who consents) in a speedy trial within the time permitted under 18 U.S.C. § 3161(c).

It is therefore ORDERED, that:

(1) Any trial of this matter is continued until at least October 21, 2022; and

(2) The time from August 31, 2022 until October 21, 2022 is excluded from the time within which this matter must be brought to trial under 18 U.S.C. § 3161(c).

_____     _____
Date                                                              Theodore J. Chuang
                                                                          United States District Judge